| | |
|---|---|
| **District Court, Adams County, Colorado**<br>**Address:** 1100 Judicial Center Drive<br>Brighton, CO 80601 | DATE FILED<br>September 23, 2025 10:47 AM<br>FILING ID: 2E9EA46FB38A4<br>CASE NUMBER: 2025CV31520 |
| **Plaintiff:** George McClain,<br><br>**v.**<br><br>**Defendant:** LKQ Pick Your Part Central, LLC | ▲ **COURT USE ONLY** ▲ |
| ***Counsel For Plaintiff:***<br>Michael W. Blanton, No. 43031<br>BLANTON LAW FIRM<br>2942 Evergreen Parkway, Suite 201<br>Evergreen, CO 80439<br>Phone: (720) 542-9336<br>Fax: (303) 845-6057<br>Email: mblanton@mblantonlaw.com<br><br>Paul D. Anderson, (Pro hac vice to be submitted)<br>THE POPHAM LAW FIRM, P.C.<br>712 Broadway Boulevard, Suite 100<br>Kansas City, MO 64105<br>Phone: (816) 221-2288<br>Fax: (816) 221-3999<br>Email: paul@pophamlaw.com<br><br>Andrew Schermerhorn, (Pro hac vice to be submitted)<br>KLAMANN & SCHERMERHORN, PA<br>4435 Main Street, Suite 150<br>Kansas City, MO 64111<br>Phone: (816) 421-2626<br>Fax: (816) 421-8686<br>Email: ajs@klamannlaw.com | **Case Number:**<br><br>**Division:** |

**CLASS ACTION COMPLAINT AND JURY DEMAND**

COMES NOW, Plaintiff George McClain, individually and on behalf of all other persons similarly situated, and for his complaint for damages against Defendant LKQ Pick Your Part Central, LLC, states as follows:

EXHIBIT
tabbles
A-1

## I. NATURE OF ACTION

1. This is a class action claim arising from the deceptive and unconscionable business practices of Defendant. Specifically, this case concerns Defendant's scheme to dupe consumers into unwittingly paying for a "warranty" or "guarantee" when they purchase goods from Defendant. Defendant operates self-service auto salvage yards where consumers are invited to remove used parts from vehicles for purchase. After a consumer selects and removes a part from a vehicle at Defendant's salvage yard, a sales associate informs the consumer of the total amount the consumer must pay for the part. The sales associate does not inform the consumer—orally, by providing a written disclosure, or by referring to a written disclosure in the vicinity—that the amount the consumer is told he or she must pay includes a charge for a purportedly optional 90-day "guarantee" (or warranty). The consumer reasonably believes that the amount stated by the sales associate includes only the price of the part and any required tax(es) or regulatory fee(s).

2. After the consumer pays the total amount charged, the consumer is provided a receipt that includes a charge described as "90-Day GU."

3. If the consumer inquires about the "90-Day GU," the consumer is informed that the charge is for a 90-day warranty that was automatically charged because the consumer did not inform the sales associate before the sales associate rang up the sale that the consumer did not want the 90-day warranty. If, after the sale has been processed, the consumer informs the sales associate that he or she was not aware that he or she would be charged for the warranty, that he or she does not want the warranty, or that he or she would like a refund of the amount charged for the warranty, the consumer is told that it is too late and a refund will not be provided.

4. This practice constitutes a variation of a classic bait-and-switch scheme. It is deceptive, unfair, and unlawful. By advertising auto parts at a base price and failing to disclose the automatic addition of a warranty fee until after the sale, Defendant misleads consumers into paying more than they intended. The scheme constitutes a deceptive and/or unconscionable act in violation of the Colorado Consumer Protection Act, C.R.S. § 6-1-101, *et seq*. Defendant advertises used auto parts at a base price but fails to disclose that the price quoted at the time of sale includes an additional charge for an allegedly optional warranty.

5. Defendant's business practices are particularly harmful because many of Defendant's customers are low-income individuals and rely on Defendant to obtain affordable used auto parts. These consumers may have limited education, limited English proficiency, and less experience navigating deceptive pricing practices—making them especially vulnerable to being misled and less likely to challenge or seek redress for improper charges.

## II. PARTIES

6. Plaintiff George McClain is a resident of Denver, Colorado.

7. Plaintiff seeks relief in his individual capacity and seeks to represent a class consisting of all others who are similarly situated.

8. Defendant LKQ Pick Your-Part Central, LLC is a Delaware corporation doing business and operating a salvage yard in the State of Colorado. Defendant maintains salvage yards at the following locations within the State of Colorado:

a. 1355 W. 52nd Avenue, Denver, CO 80221

b. 11602 E. 33rd Avenue, Aurora, CO 80010

9. Defendant's registered agent is Corporate Creations Network Inc., which is located at 155 E. Boardwalk, Suite 490, Fort Collins, CO 80525, United States.

## III. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this case pursuant to Colo. Const. Art. VI, § 9 and C.R.S. § 13-1-124 because the claims arise under Colorado law and concerns conduct occurring within Colorado.

7. Venue is proper in the County of Adams pursuant to C.R.C.P. 98 because Defendant does business in this jurisdiction, and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## IV. DEFENDANT'S UNLAWFUL BUSINESS PRACTICES

8. Defendant operates self-service auto salvage yards across the United States, including in Colorado. At these facilities, consumers may remove and purchase used vehicle parts.

9. When a customer selects a part and brings it to checkout, Defendant's employee states a total price. The employee does not inform the customer—verbally, in writing, or by reference to any signage—that the stated amount includes a charge for an optional 90-day warranty.

10. After completing the transaction, the consumer receives a receipt showing an additional fee labeled as "90-Day GU" or similar. Upon questioning, the consumer is told this charge is for a warranty automatically added unless the consumer had affirmatively opted out prior to purchase.

11. Consumers who object to the charge or request a refund are refused, even if they promptly request it. Defendant maintains that the charge is disclosed via signage at the point of

sale, but any such signage is inconspicuous, ambiguous, and inaccessible to visually impaired or illiterate customers.

12. This conduct misleads reasonable consumers, deprives them of informed choice, and results in unwarranted charges for a product they did not knowingly agree to purchase.

## V. PLAINTIFF'S EXPERIENCE

13. On May 16, 2025, Plaintiff George McClain visited Defendant's salvage yard located at 11602 E. 33rd Avenue, Aurora, Colorado 80010. He selected a glass door and a window regulator for a 2005 Ford Taurus.

14. At checkout, Plaintiff was told the total cost was $107.14. No mention was made of any warranty or optional charge. Plaintiff reasonably believed the amount included only the price for the two parts and tax.

15. Subsequently, Plaintiff reviewed his receipt and learned that Defendant, without his knowledge or consent, added two charges labeled as "90-day GU." For the glass door, Plaintiff was charged $10.87, and for the window regulator, Plaintiff was charged $9.00.

16. At no point did a sales associate inform Plaintiff that the prices of parts sold to him included a surcharge for a warranty, or that the warranty was optional and could be declined.

17. Had Plaintiff been fully and expressly informed about the "optional warranty" he would have declined.

18. Within the last two years, Plaintiff had a similar experience at Defendant's salvage yard located at 1355 W. 52nd Avenue, Denver, CO 80221. The receipts relating to that transaction are within Defendant's possession and will be obtained during the course of discovery.

## VI. CLASS ACTION ALLEGATIONS

19. Plaintiff brings this action under C.R.C.P. 23 on behalf of himself and a class defined as: All persons who, within four years prior to the filing of this Complaint, were charged for a 90-day warranty in connection with a purchase at any Defendant-operated salvage yard in Colorado ("Class").

20. Excluded from the Class are Defendant; its parent, subsidiary, and affiliated entities; Defendant's officers, directors, and employees; and the immediate family members and legal representatives of all such individuals.

21. The Class is so numerous that joinder of all members is impracticable. Defendant has conducted thousands of transactions involving the improper warranty charge in Colorado.

22. Common questions of law and fact predominate, including whether Defendant's conduct violates the Colorado Consumer Protection Act, whether it constitutes unjust enrichment, and the appropriate measure of damages or restitution.

23. Plaintiff's claims are typical of those of the Class. Plaintiff and Class members were subject to the same deceptive and unfair practices.

24. Plaintiff will fairly and adequately represent the interests of the Class. Plaintiff has no conflict with the Class and is represented by experienced counsel.

25. A class action is superior to other methods of adjudication because the individual damages are relatively small and the cost of litigation would be prohibitive for most Class members.

## VII. FIRST CLAIM FOR RELIEF
## (Violation Of Colorado Consumer Protection Act)

26. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

27. Defendant's conduct as described herein constitutes deceptive trade practices under the Colorado Consumer Protection Act (CCPA), C.R.S. § 6-1-105(1), including, but not limited to:

a. Representing that goods or services have characteristics they do not have;

b. Failing to disclose material information concerning goods or services which was known at the time of the transaction;

c. Knowingly making false representations as to the characteristics, benefits, or quality of goods;

d. Engaging in a practice that is knowingly false and intended to induce the consumer to act.

28. Defendant's practices were undertaken in the course of its business and affected the public interest.

29. As a direct and proximate result, Plaintiff and the Class suffered actual damages, including monetary loss from unauthorized warranty charges.

30. Defendant's conduct was knowing, willful, and reckless, entitling Plaintiff and the Class to treble damages, attorneys' fees, and injunctive relief under C.R.S. § 6-1-113.

## VIII. SECOND CLAIM FOR RELIEF
## (Unjust Enrichment)

31. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

32. Defendant received a benefit in the form of money paid by Plaintiff and the Class for a product (the 90-day warranty) that they did not knowingly agree to purchase.

33. It would be unjust for Defendant to retain this benefit because it was obtained through deceptive and unfair business practices.

34. Defendant should be required to disgorge all monies unjustly retained and pay restitution to Plaintiff and the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and the Class and award the following relief:

a. Certification of the proposed Class under C.R.C.P. 23, and appointment of Plaintiff and his counsel to represent the Class;

b. Declaratory relief that Defendant's conduct violates Colorado law;

c. Injunctive relief prohibiting Defendant from continuing the deceptive practice of adding unauthorized warranty charges;

d. Compensatory damages, including treble damages as authorized by statute;

e. Restitution and/or disgorgement of ill-gotten gains;

f. Pre- and post-judgment interest;

g. Reasonable attorneys' fees and costs; and

h. All other relief deemed just and proper by the Court.

**Plaintiff hereby demands a jury trial on all triable issues related to this case.**

RESPECTFULLY SUBMITTED this 23rd day of September 2025.

**BLANTON LAW FIRM**

/s/ *Michael W. Blanton*
Michael W. Blanton, No. 43031

**THE POPHAM LAW FIRM, P.C.**
Paul D. Anderson (Pro hac to be submitted)

**KLAMANN & SCHERMERHORN, PA**
Andrew Schermerhorn (Pro hac to be submitted)

***Counsel For Plaintiff***

**Plaintiff's Address:**
George McClain
3335 Grape Street
Denver, CO 80207